STATE, EX REL. EDWARD SWEENEY, v. ROBERT G. STEVENS.

Under the statute for transferring the keeping of jails, &c., from sheriffs to the boards of chosen freeholders, approved February 27th, 1857, (*Rev., p.* 1253,) the board of chosen freeholders, by the concurrence of two-thirds of all its members, may remove a jailer at any time, without assigning any reason for so doing, and without giving the incumbent any hearing as to the propriety of removing him, and even though it appears that no fault can be found with the manner in which he discharges his official duty.

On *quo warranto*.

Argued at June Term, 1884, before Justices SCUDDER, DIXON and REED.

For the relator, *Mercer Beasley, Jr.,* and *W. Y. Johnson.*

For the defendant, *James S. Aitkin.*

The opinion of the court was delivered by

DIXON, J. The defendant was jailer in the county of Mercer, appointed October 12th, 1881, under the "Act to

transfer the charge and keeping of the jails, &c., from the sheriffs to the boards of chosen freeholders," &c., approved February 27th, 1857. *Rev., p.* 1253. On May 14th, 1884, the board of chosen freeholders of Mercer county, by the affirmative votes of two-thirds of its members, passed a resolution for the removal of the defendant from office, and afterwards appointed the relator to take his place. Thereupon, a copy of this resolution, certified by the clerk of the board, was served on the defendant, and the relator demanded the office. The defendant refused to surrender, and this information was then filed, to try his right. The question raised by demurrer to the defendant's plea, is whether such proceedings have been had as legally terminated his tenure of office.

The statute already mentioned enacts (section 4) that " the board of freeholders shall appoint some proper person to be the jailer or keeper of the jail of said county, who shall hold his office for the term of five years, and until another be appointed in his stead ; but such jailer may at any time be removed from office, by a vote of two-thirds of all the chosen freeholders of the said county, for the time being."

This language is plain, and seems clearly to authorize the removal of the defendant in the mode in which it has been attempted. We have been referred to no judicial decision, and are aware of none, which would justify our engrafting upon it any provisions to defeat the power that it appears to confer. The legislature, in creating the office, had the right to provide for its vacation in such manner as they saw fit, and in ascertaining what the manner is, we must take their language in its ordinary import. Counsel for the defendant, while conceding that the board was not required by the act, either to assign any cause for removing the defendant or to give him any hearing as to its propriety, yet claims that, because the board, two days before this resolution was passed, commended the defendant for his efficiency, and the member offering the resolution, in doing so, disclaimed any reflection upon the defendant; therefore, there could be no cause for removal, and the resolution was unwarranted. But these

incidents, although they may show that the removal did not grow out of anything connected with the discharge of official duty, do not indicate that there were not other reasons, satisfactory to the members voting for the resolution, and it was not illegal for them to vote upon other considerations. The statute commits the tenure of this office to the discretion of two-thirds of the members of the board, and when they determine to remove an incumbent, *stat voluntas pro ratione.*

We. find no ground for questioning the lawfulness of the defendant's removal.

The notice given to him of that fact, by copy of the resolution, certified by the clerk of the board, was sufficient

The relator is entitled to judgment on the demurr